THIS AGREEMENT SHALL NOT CONSTITUTE A "NEGOTIABLE INSTRUMENT"

## Consumer Installment Loan Agreement

Loan Number: 74097924

**Great Plains Lending, LLC**
Otoe-Missouria Indian Reservation
Red Rock, OK 74651
(877) 836-1506

**Lender:**
Great Plains Lending, LLC

**Borrower's Name:**
Lula Bell Williams

**Origination Date:** 10/5/2016
This is the date you signed and submitted
this Agreement to the Lender.

**Borrower's ID:**
*******1647

**Borrower's Address:**

**Disbursement Date:** On or about 10/5/2016
This is the date that the Loan proceeds are released.

**Borrower's Bank and Account Number for ACH Transfers (the "Bank Account"):**

**Effective Date:** 10/6/2016
This is the date that interest begins to accrue.

**Final Payment Due Date:** 4/3/2018
This is the Loan maturity date.

In this Consumer Installment Loan Agreement (this "Agreement"), "you" and "your" refer to the Borrower identified above. "We", "us", "our", and "Lender" refer to Great Plains Lending, LLC, a lender authorized by the laws of the Otoe-Missouria Tribe of Indians (the "Otoe-Missouria Tribe" or "Tribe"), a federally recognized Indian Tribe, and any assignee of Lender or subsequent holder of this Agreement. "Tribal" refers to the Otoe-Missouria Tribe, and "Tribal Law" means any law or regulation duly enacted by the Otoe-Missouria Tribe. "Loan" means the consumer installment loan made by Lender to Borrower under this Agreement.

IMPORTANT DISCLOSURE

PLEASE READ THIS DISCLOSURE CAREFULLY BEFORE SIGNING THIS AGREEMENT. LENDER IS AN ARM OF THE TRIBE, IT IS A COMMERCIAL ENTITY FORMED PURSUANT TO TRIBAL LAW, IT IS OWNED AND OPERATED BY THE TRIBE AND IT FUNCTIONS AS A NON-PROFIT COMMERCIAL ENTITY OF THE TRIBE, FORMED FOR THE EXPRESS PURPOSE OF ECONOMIC DEVELOPMENT. BOTH THE LENDER AND THE TRIBE ARE IMMUNE FROM SUIT IN ANY COURT UNLESS THE TRIBE, THROUGH ITS TRIBAL COUNCIL, EXPRESSLY WAIVES THAT IMMUNITY THROUGH A FORMAL, WRITTEN RESOLUTION OF THE TRIBE'S TRIBAL COUNCIL. THE LENDER IS REGULATED BY THE TRIBE'S CONSUMER FINANCE SERVICES REGULATORY COMMISSION (THE "COMMISSION"). YOUR RIGHT TO SUBMIT COMPLAINTS IS LIMITED TO THE DISPUTE RESOLUTION PROCESS SET FORTH IN THIS AGREEMENT AND TO THE COMMISSION IN ACCORDANCE WITH THE TRIBE'S CONSUMER LENDING CODE AND ACCOMPANYING REGULATIONS, IF ANY.

YOU AGREE THAT THIS LOAN IS MADE WITHIN THE TRIBE'S JURISDICTION AND IS SUBJECT TO AND GOVERNED BY TRIBAL LAW AND NOT THE LAW OF YOUR RESIDENT STATE. IN MAKING THIS LOAN, YOU CONSENT TO TRIBAL JURISDICTION FOR THIS LOAN. YOUR RESIDENT STATE LAW

MAY HAVE INTEREST RATE LIMITS AND OTHER CONSUMER PROTECTION PROVISIONS THAT ARE MORE FAVORABLE. IF YOU WISH TO HAVE YOUR RESIDENT STATE LAW APPLY TO ANY LOAN THAT YOU TAKE OUT, YOU SHOULD CONSIDER TAKING A LOAN FROM A LICENSED LENDER IN YOUR STATE. IN ANY EVENT, YOU SHOULD CAREFULLY EVALUATE YOUR FINANCIAL OPTIONS BEFORE TAKING OUT A LOAN. THIS LOAN HAS A HIGH INTEREST RATE AND IT IS NOT INTENDED TO PROVIDE A SOLUTION FOR LONGER TERM CREDIT OR OTHER FINANCIAL NEEDS. ALTERNATIVE FORMS OF CREDIT MAY BE LESS EXPENSIVE AND MORE SUITABLE FOR YOUR FINANCIAL NEEDS. PLEASE CONSIDER YOUR ABILITY TO REPAY THE LOAN. IF YOU ARE HAVING FINANCIAL DIFFICULTIES, YOU SHOULD SEEK THE ASSISTANCE OF FINANCIAL COUNSELORS. BEFORE SIGNING THIS AGREEMENT, PLEASE CAREFULLY READ ITS TERMS. YOUR SIGNATURE AND ACCEPTANCE OF THIS LOAN WILL BE DEEMED AS PROOF THAT YOU HAVE READ THIS AGREEMENT, YOU HAVE APPROVED OF ALL OF ITS TERMS, INCLUDING CONSENTING TO TRIBAL JURISDICTION, YOU HAVE PROVIDED THE LENDER WITH THE MOST CURRENT AND ACCURATE EMPLOYMENT, CREDIT, INCOME, AND ASSET HISTORY REQUIRED FOR LENDER TO ASSESS YOUR ELIGIBILITY AND CREDITWORTHINESS, AND AFFIRMATIVELY ACKNOWLEDGE THAT YOU ARE ABLE TO REPAY THE LOAN ACCORDING TO THE TERMS OF THIS AGREEMENT.

**TRUTH IN LENDING DISCLOSURES:** We provide the following truth-in-lending disclosures so that you can compare the cost of this Loan to other loan products you might obtain in the United States. Our inclusion of these disclosures does not mean that we or any subsequent holder of this Agreement consent to application of state or federal law to us, to the Loan, or this Agreement.

TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after making all payments as scheduled. |
|---|---|---|---|
| 247.68% | $3,924.21 | $1,400.00 | $5,324.21 |

**PAYMENT SCHEDULE:** Your Payment Schedule will be as set forth in the following table, with each due date being referred to herein as a "Payment Due Date":

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 17 | $295.76 | 11/3/2016, 12/3/2016, 1/3/2017, 2/3/2017, 3/3/2017, 4/3/2017, 5/3/2017, 6/3/2017, 7/3/2017, 8/3/2017, 9/3/2017, 10/3/2017, 11/3/2017, 12/3/2017, 1/3/2018, 2/3/2018, 3/3/2018 |
| 1 | $296.29 | 4/3/2018 |

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.

See the Agreement below for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**Itemization of Amount Financed:**

| | |
|---|---:|
| Amount given to you directly: | 1400.00 |
| *Plus,* Amount paid on your account with Lender - Loan # _____: | $0.00 |
| *Equals,* Amount Financed: | $1,400.00 |

**PROMISE TO PAY:** You promise to pay to the order of Lender the principal sum of $1,400.00 plus interest from the Effective Date of this Loan at the rate of 249.0030% per year until this loan is repaid in full. You agree to make payments in the amounts and on or before the Payment Due Dates shown in the Payment Schedule above. You also promise to pay to Lender all other fees and charges provided for under this Agreement.

**INTEREST:** Interest will accrue daily on the unpaid principal balance of this Loan, beginning on the Effective Date, until paid in full. We calculate interest based on a 365-day year. In calculating your payments, we have assumed you will make each payment on the day and in the amount due. If any payment is received after the Payment Due Date, you must pay any additional interest that accrues after the Payment Due Date. If any payment is made before a Payment Due Date, the interest due on the scheduled payment will be reduced, and you will owe less interest. The amount of any decrease or increase in interest due will affect the amount of your final payment. If the amount of any payment is not enough to pay the interest due, the unpaid interest will be paid from your next payment(s), if any, and will not be added to the principal balance. Time is of the essence, which means that there are no grace periods for when payments must be made. There is no separate late charge if you fail to make payments in accordance with the Payment Schedule. However, if you do not make each payment in full on the Payment Due Dates as agreed, Lender may continue to charge interest on past due amounts at the interest rate set forth in the "Promise to Pay" section. The interest rate and other charges under this Agreement will never exceed the highest rate or charge allowed by Tribal Law for this Loan. If the amount collected is found to exceed the highest rate or charge allowed, Lender will refund an amount necessary to comply with Tribal Law.

**PAYMENTS:** Lender will apply your payments in the following order: (1) to any fees due, (2) to accrued but unpaid interest, and (3) to principal amounts outstanding. If you have chosen the ACH Authorization option, each scheduled payment, plus any fees due to us (if applicable), will be debited from your Bank Account on each Payment Due Date. See the ACH Authorization below for further information.

If you have chosen to receive your Loan proceeds via check and to repay all amounts due pursuant to this Agreement via check, money order or certified check, please mail each payment payable to Great Plains Lending, LLC, P.O. Box 42906, Philadelphia, PA 19101 (or by overnight mail or courier service to Great Plains Lending c/o MetaSource, 1900 Frost Road, Suite 100, Bristol, PA 19007), for forwarding to and receipt and processing on the Otoe-Missouria Indian reservation, in time for Lender to receive the payment by 5:00 p.m. Eastern Time on the Payment Due Date.

**PREPAYMENT:** You may prepay this Loan in whole or in part at any time without penalty. If you prepay in part, you must still make each later payment according to the Payment Schedule above until this Loan is paid in full. Any amounts you prepay will not continue to accrue interest.

**RIGHT OF RESCISSION:** You may rescind or cancel this Loan if you do so on or before 5:30 p.m., Eastern Time, on the fifth business day after the Origination Date (the "Rescission Deadline"). To cancel, call Lender at (877) 836-1506 to tell us you want to rescind or cancel this Loan and provide us written notice of rescission as directed by our customer service representative.

*If you have provided an ACH Authorization:* If we timely receive your written notice of rescission on or

before the Rescission Deadline but before the Loan proceeds have been credited to your Bank Account, we will not deposit your Loan proceeds to your Bank Account and both ours and your obligations under this Agreement will be rescinded. If we timely receive your written notice of rescission on or before the Rescission Deadline but after the Loan proceeds have been credited to your Bank Account, we will debit your Bank Account for the principal amount owing under this Agreement. If we receive payment of the principal amount via the debit, ours and your obligations under this Agreement will be rescinded. If we do not receive payment of the principal amount via the debit, then the Agreement will remain in full force and effect until all amounts owed under this Agreement are repaid in full, including any interest and fees.

*If you have elected to receive your Loan proceeds via check delivered by mail:* If we timely receive your written notice of rescission on or before the Rescission Deadline, and (a) if we have not mailed the check representing the Loan proceeds to you or (b) if you have not cashed the check representing the Loan proceeds, then we will cancel the check and both ours and your obligations under this Agreement will be rescinded. If you have cashed the check representing the Loan proceeds, you must return the full amount of cash you received to us by the Rescission Deadline. If we receive the full amount by the Rescission Deadline, ours and your obligations under this Agreement will be rescinded. If we do not receive the full amount by the Rescission Deadline, then the Agreement will remain in full force and effect until all amounts owed under this Agreement are repaid in full, including any interest and fees.

Any pre-assessed fee shall not be deemed security for this Loan and shall be returned by a credit entry to your Bank Account within three (3) business days of an effective rescission.

**CHECK CONVERSION NOTIFICATION:** When you provide a check as payment, you agree we can either use information from your check to make a one-time electronic withdrawal from your Bank Account or to process the payment as a check transaction. When we use information from your check to make a withdrawal from your Bank Account, funds may be withdrawn from your Bank Account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. For questions, please call our customer service phone number, (877) 836-1506.

**RETURNED PAYMENT FEES; BORROWER BANK CHARGES:** If any payment made by you on this Loan is not honored or cannot be processed for any reason, including not enough money in your Bank Account, you agree to pay us a fee of $30.00 and you agree that we may recover court costs and reasonable attorney's fees incurred by us. If you have elected to repay this Loan via ACH debits to your Bank Account, for each returned payment, you authorize Lender and its agents and representatives to make a one-time withdrawal from your Bank Account to collect this fee. Your financial institution may also charge a fee if your Bank Account becomes overdrawn or if a payment is attempted against your Bank Account that would cause it to become overdrawn. You will not hold us or our agents, representatives, successors or assigns responsible for any such fee you must pay.

**SECURITY:** No security interest is taken or given in connection with this Loan.

**REFINANCE POLICY:** Subject to our credit policies, we will determine, in our sole discretion, whether your Loan may be refinanced.

**DEFAULT:** You will have broken your promise you made to us in this Agreement (each, a "Default") if: (a) you provide false or misleading information about yourself, your employment or your financial condition prior to entering into this Agreement, (b) you fail to make a payment in full by the applicable Payment Due Date or if your payment is returned to us for any reason, or (c) you file bankruptcy or become a debtor under U.S. federal bankruptcy laws.

**CONSEQUENCES OF DEFAULT:** Should you not do the things you agreed to under this Agreement, we may, at our option, do any one or more of the following things: (a) require you to immediately pay us everything you owe us under this Agreement; (b) if you have elected to repay this Loan via ACH debits to your Bank Account, withdraw money from your Bank Account that was not available when we tried to withdraw it at an earlier time; and (c) pursue all legally available means to collect what you owe us. By signing this Agreement you waive notice of default, dishonor, demand for payment, protest, presentment,

and any other notices. Amounts you owe Lender includes the unpaid principal balance of this Loan, all unpaid accrued fees and interest (including unpaid interest owing on past due amounts), and any costs and fees Lender incurs in connection with this Agreement. In the event we declare all amounts owed under this Agreement immediately due because you did not pay us, then, if you have elected to repay this Loan via ACH debits to your Bank Account, you further authorize us and our agents and representatives to withdraw money from your Bank Account in the full amount due under this Agreement. By choosing to exercise any one of more of these remedies, we do not give up our right to use another way to collect the money you owe us later. We may decide not to use any of the ways described above to get back the money that you owe us. If so, we do not give up our right to consider what you said you would do to make payment(s) and, if you fail to make those payment(s), we will consider you to be in Default. In any proceeding in which a Lender is a party in interest with respect to any transactions with Borrower under Tribal law, Lender's rights and remedies shall be granted based upon prima facie proof and entitlement based upon the terms of this Agreement and the payment and business records maintained by Lender in the ordinary course of business. Any claims or defenses whatsoever asserted by or on behalf of Borrower shall be subject to the dispute resolution process and jurisdiction agreed to in this Agreement.

**CREDIT REPORTING:** You agree that Lender may make inquiries concerning your credit history and standing, and may report information concerning your performance under this Agreement to credit reporting agencies. Late payments, missed payments or other defaults on your Loan may be reflected in your credit report.

**CHANGE OF PRIMARY RESIDENCE:** You agree to notify Lender of any change in your primary residence as soon as practicable, but no later than five (5) days after any change. You agree that the address provided on this Agreement will govern this Agreement until you have met all obligations under this Agreement and that any subsequent change in your primary residence will not affect the terms or enforceability of this Agreement.

**CORRESPONDENCE WITH LENDER:** General correspondence with Lender concerning this Loan, this Agreement or your relationship with Lender must be directed to Lender at the following address: Great Plains Lending, LLC, 1050 East 2nd Street, Box 500, Edmond, Oklahoma 73034. Communications related to the bankruptcy of the Borrower must be directed to Lender at the following address: Great Plains Lending, LLC, Attn: Bankruptcy Handling, 1050 East 2nd Street, Box 500, Edmond, Oklahoma 73034.

**FORCE MAJEURE:** Unavoidable delays as a result of inadvertent processing errors and/or "acts of God" may extend the time for the deposit of Loan proceeds and the processing of payments owing hereunder.

**TRANSFER OF RIGHTS; HYPOTHECATION AND MAINTENANCE OF REGISTER:** This instrument is non-negotiable in form but may be pledged as collateral security. If so pledged, any payment made to the payee, either of principal or of interest, upon the debt evidenced by this obligation, shall be considered and construed as a payment on this instrument, the same as though it were still in the possession and under the control of the payee named herein; and the pledgee holding this instrument as collateral security hereby makes said payee its agent to accept and receive payments hereon, either of principal or of interest.

You agree that we may assign or transfer this Agreement, or any of our rights hereunder, to any other person or entity without prior notice to or consent from you. Regardless of any transfer, this Agreement shall remain exclusively subject to Tribal Law and courts of the Otoe-Missouria Tribe. Great Plains Lending, LLC (the "Registrar"), acting solely for this purpose as your irrevocably appointed agent, shall maintain at an office located in the United States a copy of each assignment of this Agreement delivered to it and a register (the "Register") for the recordation of the names and addresses of the original owner, assignees, and persons holding participation interests in the Loan, and the amounts of principal and interest owing to each from time to time pursuant to the terms of this Loan. The Register may be in electronic form. The entries of the Register shall be conclusive, and you, the Registrar, the Lender and all of its assignees and participants shall treat each person whose name is recorded in the Register pursuant to these terms as the owner of such principal and interest payments for all purposes of this Agreement, notwithstanding notice to the contrary. The name of the owner in the Register shall be available to you by written request to the Registrar at any reasonable time and from time to time upon reasonable prior notice. The foregoing is intended to result in

this Agreement being in "registered form" within the meaning of U.S. Treasury Regulations Section 1.871-14(c) and Sections 163(f), 871(h) and 881(c) of the Internal Revenue Code of 1986, as amended, and shall be interpreted and applied in a manner consistent therewith. Any fees and expenses of the Registrar for its services shall be charged to the registered owner of the loan and not to you.

**SUCCESSORS AND ASSIGNS:** This Agreement is binding upon your heirs and personal representatives in probate and upon anyone to whom you assign your assets or who succeeds you in any other way; provided, however, that you may not assign or transfer this Agreement except with Lender's prior written consent.

**SERVICING COMMUNICATIONS AND COMMUNICATIONS AFTER DEFAULT:** You authorize Lender and its authorized representatives to contact you according to your consent provided in your application or according to your account preferences, as modified by you after submitting your application. This may include (i) calling you during reasonable hours at any of the phone numbers listed on your most recent application (a) prior to each Payment Due Date to remind you of the payment due and (b) and for other matters related to your account, (ii) contacting you by text message or other wireless communication method on the mobile phone number listed on your application, (iii) leaving a message with a person or a voice mail service, and (iv) contacting you using autodialers or pre-recorded messages, including calls to your mobile phone.

---

ACH AUTHORIZATION

**(applies only if (a) you select the electronic funding/payment option below or (b) authorize recurring Debit Card payments)**

This ACH Authorization is a part of and relates to this Agreement. You voluntarily authorize us, and our successors, affiliates, agents, representatives, employees and assigns, to initiate automatic credit and debit entries to your Bank Account in accordance with this Agreement. You agree that we will initiate a credit entry to your Bank Account for the Amount Financed on or about the Disbursement Date. You agree that we will initiate a debit entry to your Bank Account on each Payment Due Date in the payment amount described in the Payment Schedule. For each scheduled payment, whenever a debit entry to your Bank Account is returned to us for any reason, we may initiate a debit entry to your Bank Account up to two additional times after our first attempt for each scheduled payment amount. You also agree that we will initiate a debit entry for any accrued returned payment fees and any interest that accrues on overdue amounts. If your payment is due on a non-business day, it will be processed on the next business day.

You agree that this ACH Authorization is for repayment of a consumer installment loan and that payments shall recur at substantially regular intervals as set forth in this Agreement. This ACH Authorization is to remain in full force and effect for this transaction until you pay your Loan, including any interest and fees, in full. You may revoke this ACH Authorization by contacting us directly or your financial institution. If you revoke your ACH Authorization, you agree to make payments to us by check, certified check or money order as set forth in the "Payments" section above. In no event will any revocation of this ACH Authorization be effective with respect to entries processed by us prior to us receiving such revocation.

You agree that we may obtain information about you and your Bank Account from your bank and/or consumer reporting agencies until all amounts owing pursuant to this Agreement are paid in full. If there is any missing or incorrect information in or with your application regarding your bank, bank routing number, or account number, then you authorize us to verify and correct such information.

Your bank may charge you a fee in connection with our credit and/or debit entries. Contact your financial institution for more information specific to your Bank Account.

This ACH Authorization is subject to the following provisions:

(1) *Right to stop payment and procedure for doing so.* If you have told us in advance to make regular payments out of your Bank Account, you can stop any of these payments. Here's how: Call us at (877) 836-1506 or write us at 1050 East 2nd Street, Box 500, Edmond, Oklahoma 73034, in time for us to receive your request 3 business days or more before the payment is scheduled to be made. If you call, we may also require you to put your request in writing and get it to us within 14 days after your call.

(2) *Liability for failure to stop payment of preauthorized transfer.* If you order us to stop one of these payments three (3) business days or more before the transfer is scheduled, and we do not do so, we will be liable for your losses or damages.

(3) *Notice of varying amounts.* You acknowledge that you will receive a notice at least 10 days before a payment is debited from your Bank Account if the payment we are going to debit from your Bank Account varies from the amount disclosed in the Schedule of Payments above. You have the right to receive notice of all varying amounts.

This ACH Authorization is a payment mechanism only and does not give us collection rights greater than those otherwise contained in this Agreement. This ACH Authorization does not constitute and is not intended to constitute a security interest under Tribal Law.

If you associate one or more debit cards with your account with Lender (each a "Debit Card") and authorize Lender to initiate recurring payments on your Loan using a Debit Card, the terms of the foregoing ACH Authorization will apply equally to recurring payments made by Debit Card.

**ENTIRE AGREEMENT; SEVERABILITY.** This Agreement, including the Waiver of Jury Trial and Arbitration Agreement, constitutes the entire agreement between Borrower and Lender, and it may not be contradicted by evidence of prior or contemporaneous oral agreements between them. If any provision of this Agreement is held unenforceable, including any provision of the Waiver of Jury Trial and Arbitration Agreement, the remainder of this Agreement shall remain in full force and effect.

**GOVERNING LAW; NON-APPLICABILITY OF STATE LAW; INTERSTATE COMMERCE:** This Agreement and the Agreement to Arbitrate are governed by Tribal Law and such federal law as is applicable under the Indian Commerce Clause of the Constitution of the United States of America. We do not have a presence in Oklahoma or any other state of the United States of America. Neither this Agreement nor the Lender is subject to the laws of any state of the United States. The Lender may choose to voluntarily use certain federal laws as guidelines for the provision of services. Such voluntary use does not represent acquiescence of the Otoe-Missouria Tribe to any federal law unless found expressly applicable to the operations of the Otoe-Missouria Tribe. You and we agree that the transaction represented by this Agreement involves interstate commerce for all purposes.

### WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT

**This Agreement includes the following binding Waiver of Jury Trial and Arbitration Agreement (the "Agreement to Arbitrate"). You may opt out of the Agreement to Arbitrate by following these instructions:**

***RIGHT TO OPT-OUT:*** IF YOU DO NOT AGREE TO ARBITRATE ALL DISPUTES (DEFINED BELOW) IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THE AGREEMENT TO ARBITRATE, YOU MUST ADVISE US IN WRITING EITHER BY (A) MAILING A LETTER POSTMARKED NO LATER THAN 60 DAYS FOLLOWING THE ORIGINATION DATE SET FORTH AT THE TOP OF THIS AGREEMENT, TO 1050 EAST 2ND STREET, BOX 500, EDMOND, OKLAHOMA 73034, OR (B) BY EMAIL DATED NO LATER THAN 60 DAYS FOLLOWING THE ORIGINATION DATE SET FORTH AT THE TOP OF THIS AGREEMENT TO SUPPORT@GREATPLAINSLENDING.COM. YOUR OPT-OUT CORRESPONDENCE MUST CLEARLY PRINT OR TYPE YOUR NAME AND ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER AND STATE THAT YOU REJECT ARBITRATION. *YOUR REJECTION OF ARBITRATION WILL NOT BE EFFECTIVE IF IT IS NOT IN WRITING OR IF IS DATED LATER THAN 60 DAYS FOLLOWING THE ORIGINATION DATE SET FORTH AT THE TOP OF THIS AGREEMENT; IT IS NOT SUFFICIENT TO TELEPHONE US.* IN THE EVENT YOU OPT

OUT OF THE AGREEMENT TO ARBITRATE, ANY DISPUTES SHALL NONETHELESS BE GOVERNED UNDER TRIBAL LAW AND MUST BE BROUGHT WITHIN THE COURT SYSTEM OF THE OTOE-MISSOURIA TRIBE.

**PLEASE CAREFULLY READ THIS AGREEMENT TO ARBITRATE. UNLESS YOU EXERCISE YOUR RIGHT TO OPT-OUT OF ARBITRATION AS DESCRIBED ABOVE, YOU AGREE THAT ANY DISPUTE YOU HAVE RELATED TO THIS AGREEMENT WILL BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO HAVE A JURY, TO ENGAGE IN DISCOVERY (EXCEPT AS MAY BE PROVIDED IN THE ARBITRATION RULES), AND TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS OR IN ANY CONSOLIDATED ARBITRATION PROCEEDING OR AS A PRIVATE ATTORNEY GENERAL. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO BE UNAVAILABLE IN ARBITRATION.**

**AGREEMENT TO ARBITRATE:** You and we (defined below) agree that any Dispute (defined below) will be resolved by Arbitration.

**WHAT ARBITRATION IS:** "Arbitration" is having an independent third-party resolve a Dispute. A "Dispute" is any claim or controversy of any kind between you and us or otherwise involving this Agreement or the Loan. The term Dispute is to be given its broadest possible meaning and includes, without limitation, all federal, state or Tribal Law claims or demands (whether past, present, or future), based on any legal or equitable theory and regardless of the type of relief sought (i.e., money, injunctive relief, or declaratory relief). A Dispute includes any issue concerning the validity, enforceability, or scope of this Agreement or this Agreement to Arbitrate.

For purposes of this Agreement to Arbitrate, (a) the terms "you" and "your" mean you, the borrower, and include your heirs, guardian, personal representative, or trustee in bankruptcy, and (b) the terms "we," "our," and "us" mean Lender, our agents servicers, assigns, vendors or any third-party, Lender's affiliated companies, the Tribe, Lender's servicing and collection companies, representatives and agents, and each of their respective agents, representatives, employees, officers, directors, members, managers, attorneys, successors, predecessors, and assigns.

**HOW ARBITRATION WORKS:** If a Dispute arises, the party asserting the claim or demand must initiate arbitration, provided you or we may first try to resolve the matter informally or through customary business methods, including collection activity. A party who intends to seek arbitration must first send to the other, by email, a Notice of Dispute (Notice). You must send the Notice to Lender at support@greatplainslending.com. The Notice must (a) have the subject heading "Notice of Dispute;" (b) describe the nature and basis of the claim or dispute; and (c) set for the specific relief sought (Demand). If Lender and you do not reach an agreement to resolve the claim within thirty (30) days after the Notice is received, you or Lender may commence an arbitration proceeding. The party requesting arbitration must choose either of the following arbitration firms for initiating and pursuing arbitration: the International Institute for Conflict Prevention & Resolution ("CPR") or JAMS, The Resolution Experts ("JAMS"). If you claim you have a Dispute with us, but do not initiate arbitration or select an arbitration firm, we may do so. You may obtain copies of the current rules of each of the arbitration firms and forms and instructions for initiating arbitration by contacting them as follows:

| | |
|---|---|
| International Institute for Conflict Prevention & Resolution, Inc. 575 Lexington Ave, 21st Floor New York, NY 10022 Website: http://www.cpradr.org/ Telephone: (212) 949-6490 | JAMS, The Resolution Experts 1920 Main Street, Suite 300 Irvine, CA 92614 Website: http://www.jamsadr.com/ Telephone: (949) 224-1810 or (800) 352-5267 |

The policies and procedures of the selected arbitration firm applicable to consumer transactions will apply provided such policies and procedures do not contradict this Agreement to Arbitrate or Tribal Law. To the extent the arbitration firm's rules or procedures are different than the terms of this Agreement to Arbitrate, the terms of this Agreement to Arbitrate will apply.

**WHAT ARBITRATION COSTS:** No matter which party initiates the arbitration, we will advance or

reimburse filing fees and other costs or fees of arbitration for all non-frivolous claims, provided each party will be initially responsible for its own attorneys' fees and related costs. Unless prohibited by Tribal Law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration. If, after finding in your favor in any respect on the merits of your claim, the arbitrator issues you an award that is greater than the value of our last written settlement offer made before an arbitrator was selected, then we will pay you the amount of the award or the loan amount plus any finance fees paid, whichever is greater. If you would be entitled to a larger amount under applicable law, this provision does not preclude the arbitrator from awarding you that amount. However, you may not recover duplicative awards of attorneys' fees or costs.

**LOCATION OF ARBITRATION:** Any arbitration under this Agreement may be conducted either on Tribal land or within thirty (30) miles of your then current residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the sovereign status or immunity of the Tribe, (b) to allow for the application of any law other than Tribal Law, or (c) to constitute a transaction of business in any place other than the Indian country of the Tribe. Any party may participate in arbitration exclusively by telephonic or other electronic means.

**WAIVER OF RIGHTS: BY ENTERING INTO THIS AGREEMENT, YOU ACKNOWLEDGE AND AGREE THAT YOU ARE WAIVING YOUR RIGHT TO (A) HAVE A JURY TRIAL TO RESOLVE DISPUTES, (B) HAVE A COURT RESOLVE DISPUTES, (C) PARTICIPATE IN A CLASS ACTION LAWSUIT, AND (D) HAVE ACCESS TO DISCOVERY AND OTHER PROCEDURES THAT ARE AVAILABLE IN A LAWSUIT.**

The arbitrator has the ability to award all remedies available under Tribal Law, whether at law or in equity, to the prevailing party, except that you and we agree that the arbitrator has no authority to conduct class-wide proceedings and will be restricted to resolving individual Disputes. The arbitrator may award such remedies only in favor of the individual party seeking relief and only to the extent necessary to prove relief warranted by that party's individual claim. Further, unless both you and we agree otherwise, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. The validity, effect, and enforceability of the waivers of class action lawsuit and class-wide arbitration, if challenged, are to be determined solely by a Tribal court of competent jurisdiction and not by the CPR, JAMS, or an arbitrator. If the Tribal court refuses to enforce the class-wide arbitration waiver, the parties agree that the Dispute will proceed in Tribal court and will be decided by a Tribal court judge, sitting without a jury, under applicable Tribal court rules and procedures, and not as a class action lawsuit. As an integral component of accepting this Agreement, you irrevocably consent to the exclusive jurisdiction of the Tribal courts for purposes of this Agreement.

**APPLICABLE LAW AND JUDICIAL REVIEW OF ARBITRATOR'S AWARD: THIS AGREEMENT TO ARBITRATE SHALL BE GOVERNED BY TRIBAL LAW.** The arbitrator shall apply Tribal Law and the terms of this Agreement, including this Agreement to Arbitrate and the waivers included herein. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. The arbitrator shall make written findings and the arbitrator's award may be filed with a Tribal court. The arbitration award shall be supported by substantial evidence and must be consistent with this Agreement and Tribal Law, and if it is not, it may be set aside by a Tribal court upon judicial review. During the arbitration, the amount of any settlement offer made by us or you shall not be disclosed to the arbitrator until after the arbitrator determines the amount, if any, to which you or we are entitled. The parties will have the right to judicial review in a Tribal court of (a) whether the findings of fact rendered by the arbitrator are supported by substantial evidence and (b) whether the conclusions of law are erroneous under Tribal Law. Judgment confirming an award in such a proceeding may be entered only if a Tribal court determines that the award is supported by substantial evidence and is not based on legal error under Tribal Law.

**SURVIVAL:** This Agreement to Arbitrate will survive: (1) the cancellation, payment, charge-off, or assignment of this Agreement; (2) the bankruptcy of any party; and (3) any transfer, sale, or assignment of this Agreement, or any amounts owed under this Agreement, to any other person or entity.

**PLEASE CAREFULLY REVIEW THIS AGREEMENT, WHICH INCLUDES A WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT THAT MAY BE ENFORCED BY YOU AND US. IF YOU HAVE QUESTIONS, PLEASE CONTACT CUSTOMER SERVICE AT (877) 836-1506.**

*By electronically signing this Agreement:* You certify that all information you gave us in connection with your application and this Agreement is true and correct, and you authorize us to verify any information you provided. You give us consent to obtain information about you from one or more consumer reporting agencies and other sources. You acknowledge that: (a) you have read, understand, and agree to all of the terms and conditions of (i) this Agreement, including the truth-in-lending disclosures and the Waiver of Jury Trial and Arbitration Agreement, and (ii) Lender's Privacy Policy (https://www.greatplainslending.com/faq/privacy-policy) (b) this Agreement contains all of the terms of the agreement between you and us and that no representations or promises other than those contained in this Agreement have been made; (c) if you elect below to repay this Loan via ACH debits to your Bank Account, you specifically authorize withdrawals and deposits to and from your Bank Account as described in this Agreement; (d) you are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code; (e) this Agreement was filled in before you signed it; (f) you have the ability to print or retain a completed copy of this Agreement; and (g) we have not made the Loan contingent upon your obtaining any other product or service from us or anyone else. You further acknowledge that we may withhold funding of your Loan until (i) we confirm that you have made all payments on any previous loans with Lender, (ii) we verify that all information you gave us on your application is true and (iii) we decide whether you meet our requirements to receive the Loan.

- [x] **By checking here and signing below, you understand, acknowledge and agree that Great Plains Lending, LLC is a tribal lending entity wholly owned by Otoe-Missouria Tribe of Indians, a federally recognized tribe. You further understand, acknowledge and agree that this Loan is governed by the laws of the Otoe-Missouria Tribe and is not subject to the provisions or protections of the laws of your home state or any other state. If you wish to have your resident state law apply to any loan that you take out, you should consider taking a loan from a licensed lender in your state.**

**Please review and select one of these funding/payment options:**

- (●) **ELECTRONIC (as soon as the next business day):** By checking here and signing below, you agree to the ACH Authorization set forth in this Agreement, which allows us to debit and credit your Bank Account for this Loan. You acknowledge and agree that the ACH Authorization is for the benefit of Great Plains Lending, LLC, its affiliates, agents, representatives, employees, successors, and registered assigns. You acknowledge that you are not required to consent to receive funds or repay your Loan by ACH or other electronic payment method.

- ( ) **POSTAL MAIL (allow 7 to 10 days for delivery):** By checking here and signing below, you request Loan proceeds be distributed to you by check and delivered by regular mail through the U.S. Postal Service. If you elect to receive your proceeds by mail, you must make payments as explained in the "Payments" section above. You acknowledge that interest begins accruing on the Effective Date set forth at the top of this Agreement.

| **Your Full Name:** | **Type 'I Agree':** | **Date:** |
|---|---|---|
| *Lula Bell Williams* | *I Agree* | **10/5/2016** |

**Great Plains Lending, LLC**

Ver. 25